[Civ. No. 1326. Second Appellate District.—December 24, 1913.]

## C. HERBERT DIAMOND, Appellant, v. F. E. FAY, Respondent.

BROKER—CONTRACT TO PROCURE LESSEE—PAROL EVIDENCE TO VARY—COMMISSIONS.—In an action by a real estate broker to recover commissions on a contract employing him to procure a purchaser or lessee for certain property, testimony tending to show the agreement to have been that the plaintiff's right to commissions was to accrue only in case a lease of the property was made by the defendant and then that such commissions were to be paid out of the first money received from the lessee, is improperly received as being an attempt to vary the terms of the written contract, where the phraseology of the contract contains no suggestion of any such conditions, and there is no room for the claim that the language therein used is ambiguous or indefinite in any of the particulars referred to, and the defendant makes no claim of excusable mistake.

ID.—FINANCIAL ABILITY OF PROPOSED LESSEE—REFUSAL OF LESSOR TO EXECUTE LEASE.—But error in the admission of such testimony is nonprejudicial, if it is found upon the entire evidence adduced that the tenant proposed by the broker did not produce satisfactory evidence of his financial ability to respond to the obligations of the proposed lease, and for that reason the owner refused to accept him as a lessee.

ID.—CONTRACT TO PROCURE LESSEE—WHEN FULFILLED.—The engagement of a real estate broker who proposes to secure a tenant for an owner of real property is, that he will present a satisfactory person who is ready, able, and willing to enter into such a lease as is proposed to be made by the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

H. T. Morrow, for Appellant.

Trippet, Chapman & Biby, and Lucien Clark, for Respondent.

JAMES, J.—Defendant was the owner of a lot of land on one of the principal streets of the city of Los Angeles

which he desired to sell or lease. Plaintiff, a real estate broker, was authorized in writing by defendant to find a purchaser for the property, or a tenant who would lease it for five or ten years. The written authorization which was signed by the defendant contained the following condition: "And it is agreed, that in case he shall secure a purchaser or tenant for said property I agree to pay him the regular brokerage or commission for selling i. e., a sum equal to 5% on the first $1,000, and 2½% on the remainder of the purchase price accepted by me, provided that no commission shall be less than $100, said commission to be paid out of the first money received. In case of a lease, will pay the commission on usual basis."

Plaintiff in his complaint alleged that pursuant to the authority so given he found a person who was ready, able, and willing to rent and lease the property of defendant for a term of ten years at the required monthly rental, and that defendant had refused to enter into any lease. The prayer of the complaint was for an amount of money which was alleged to be the customary and usual commission allowed to brokers and the reasonable value of the services expended in that behalf. In his amended answer defendant admitted the execution of the contract set out in plaintiff's complaint, and then alleged that the contract did not clearly set forth the true terms of the agreement in that it had been agreed that the compensation of plaintiff would be earned only when he had secured a person satisfactory to defendant who would lease the property for ten years, and that compensation was only to be paid in case a lease was actually made, and then it was to be taken out of the first money received on such account. It was further alleged that plaintiff did introduce to defendant a prospective tenant and that the defendant, desiring to be informed and satisfied of the ability of this person to pay the rent as contemplated, requested the latter to furnish a statement in writing showing what his financial ability was, which writing was promised to be produced, that it had never been furnished to the defendant, and that through no fault of his he did not make a lease of the property. The amended answer also contained a denial that plaintiff ever produced a proposed tenant who was ready, able, and willing to lease the property on the terms

proposed. The action was tried before the court sitting without a jury, and findings and judgment followed in favor of defendant. The appeal is taken from that judgment and is presented on the judgment-roll and a bill of exceptions.

The trial judge by his findings determined the contract of employment of the plaintiff to have been made in the terms set out in the amended answer. It may be here stated that all of the testimony which was admitted tending to show the agreement to have been that plaintiff's right to commissions was to accrue only in case a lease of the property was made by defendant and then that such commissions were to be paid out of the first money received from the lessee, was improperly received as being clearly an attempt to vary the plain and unambiguous terms of the written contract. The phraseology of the written authorization given by defendant to plaintiff to lease the property contained no suggestion of any such conditions, and there seems to be no room for the claim that the language used was ambiguous, indefinite, or uncertain in any of the particulars referred to. Defendant made no claim of excusable mistake and presented no facts to substantiate any such contention. He testified that he had had long years of business experience and that he read the contract over carefully before he signed it. The engagement of a real estate broker who proposes to secure a tenant for an owner of real property is that he will present a satisfactory person who is ready, able, and willing to enter into such a lease as is proposed to be made by the owner. The business to be conducted in the leased premises must also be legitimate and lawful. It has been held that the requirement as to the agent's obligation in the matter of a lease is not different from that assumed where the purpose of the agency is to procure a purchaser instead of a tenant. (*Tanenbaum* v. *Boehm et al.*, 202 N. Y. 293, [95 N. E. 708].) There is some ground to doubt the legal correctness of this holding, however, as there are reasons why a landlord might with propriety refuse to enter into an engagement to lease his property to an individual, notwithstanding that such individual in a strictly commercial sense might be ready, able, and willing to enter into a lease of the kind designed to be executed. The reputation of the person might be such as to entitle the landlord to urge as a substantial reason that

the proposed tenant was not satisfactory to him. Other conditions than that imagined for the purpose of illustration might be presented which would give to the landlord the option to refuse to contract with the person produced by the broker. Such reasons are sufficient, if of a substantial kind and such as may properly be deemed to be a part of the consideration for which the landlord lets his property; they must amount to something more than the satisfaction of mere notion or caprice. (*Mullally* v. *Greenwood* 127 Mo. 138, [48 Am. St. Rep. 613, 29 S. W. 1001].) However, as the case is presented on the evidence shown in the record, it does not become necessary to apply any but the standard rule affecting the matter as to when an agent employed to sell real property may be said to have earned his commission. As prefacing the consideration of the evidence, it is well to suggest the familiar rule which requires that if any evidence is shown in the record which will support the findings of the trial court, the judgment must be upheld. In this case by the testimony of the defendant it is made to appear that the proposed tenant did not produce satisfactory evidence of his ability to respond to the obligations of the long time lease which he proposed to make with the defendant. Defendant testified that he was referred to two persons by the proposed tenant, neither of whom gave him any assurance that the proposed tenant would be able to fulfill all of the obligations of the lease contract; these persons vouched for the integrity of the man, and one of them said that he might be inclined to "overreach himself." Defendant testified further that he requested a written statement to be made by the applicant for the lease, showing his financial worth, but that this statement was not forthcoming. He testified that plaintiff had made an oral statement that his client was worth twenty thousand dollars or twenty-five thousand dollars. He testified: "I didn't make a lease to Mr. Kreiter because I never had a statement from Mr. Kreiter in regard to his financial ability which satisfied me. I asked him for a written statement of his assets and liabilities and twice he started to do it, and was interrupted by Mr. Diamond and did not finish it. I handed him a paper in my office to write out a statement of his financial ability, and, as I supposed, he started to do it; just at that time Mr. Diamond called him away and when

he returned they were talking about something else and he didn't finish it. . . . The fact that I had a tenant in there who refused to vacate without a bonus was one of the reasons why I did not lease to Mr. Kreiter. That was not the whole reason. I was never satisfied with Mr. Kreiter's ability and standing and integrity. I didn't have facts enough to base an opinion upon Mr. Kreiter's financial ability. I had gone to Mr. Thomas with Mr. Kreiter, and that was not assuring of Mr. Kreiter's financial ability to carry out such an agreement as he proposed to enter into; neither was the statement of the man at the bank.'' The foregoing quotation from the defendant's testimony, which is but a small part of that given by him, is sufficient to afford a basis for the finding of the court wherein all of the allegations of paragraph one of the amended answer of defendant are determined to be true. Leaving out of consideration the allegations as to the imperfection of the contract as therein made, sufficient was alleged, as before noted, to present the issue as to whether the proposed tenant gave satisfactory evidence of his ability to carry out the terms of the proposed lease contract. While a part of the findings relating to the making of the contract justifies the criticism that it presents an inconsistency as to the facts, and it is quite clear that the court committed error in allowing testimony to be introduced to vary the plain import of certain terms of the contract, nevertheless, in view of the fact that the finding upon the material matter as to lack of performance made by plaintiff under the contract is sustained by the evidence, the errors adverted to become immaterial and nonprejudicial.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.