[Civ. No. 15894. Second Dist., Div. Two. Nov. 6, 1947.]

R. E. DEEBLE, Respondent, v. I. C. STEARNS, Appellant.

Robert E. Krause and Roland G. Swaffield for Appellant.

E. O. Leake and J. J. Leake for Respondent.

WILSON, J.—Respondent, a licensed real estate broker, recovered judgment against appellant for a commission growing out of the sale of real property. This appeal is from the judgment and from the order denying the motion for a new trial. Since the latter is a nonappealable order the appeal therefrom will be dismissed.

Appellant, who was the owner of the real property involved, listed it for sale with one Koerner, a real estate broker, at the price of $70,000. Ben M. Murphy, a salesman employed by

respondent, interviewed Koerner and obtained the latter's consent to show the property to a prospective purchaser. At that time neither respondent nor Murphy had a listing of the property. Pursuant to Koerner's permission Murphy showed the property to Carlo Caliguiri and wife who agreed to purchase it for $69,500.

The written agreement which forms the basis of this action consists of three parts: (1) A temporary receipt and agreement of sale signed by Murphy as salesman for respondent, acknowledging receipt from the Caliguiris of the sum of $2,000, "being deposit and part payment on account of the purchase" of the property. The price agreed upon for the property was recited to be $69,500, to be paid in the following manner: $1,000, "receipt of which is hereby acknowledged," $48,000 to be paid in escrow, and a loan of $19,500 to be assumed by the purchasers; (2) the purchasers' approval, signed by the Caliguiris, in which they agreed (a) "that an inspection has been made of the above described property and [the undersigned] hereby approves the transaction to purchase the same as above outlined"; (b) "that no representation of any kind has been made binding Deeble-Chapman Company as the agent herein except to obtain a signed agreement with the seller providing for the conveyance of said property . . . in accordance with the terms outlined in this purchase agreement"; and (c) that in the event of failure on their part to complete the purchase the deposit made by them should be retained by respondent as liquidated damages; (3) the seller's approval, signed by appellant, in which he approved the sale of the property "upon the terms and conditions hereinabove set forth" and agreed to pay respondent "the sum of $3500.00 Dollars ($....) for services rendered." The three parts of the agreement above outlined were included in one document.

At the time the Caliguiris signed the agreement they handed their check to Murphy for $2,000. Murphy delivered the check to Koerner who, in turn, delivered it to appellant. The latter cashed the check and signed the seller's approval. The completed contract was returned to respondent. Thereafter, the purchasers refused to pay the balance of the purchase price and repudiated the contract.

1. *The alleged uncertainties in the agreement.* Appellant maintains that the agreement is so uncertain as to exonerate him from liability to pay a commission to respondent in that the first portion of the temporary receipt ac-

knowledges payment of $2,000 as a deposit and part payment on the purchase price and in the recitation of the terms of purchase the receipt of $1,000 is acknowledged. He argues that since the latter sum, added to the cash to be paid and the loan to be assumed, amounts to only $68,500, or $1,000 less than the agreed purchase price, the amount which the Caliguiris agreed to pay for the property is indefinite.

It is manifest that the statement in the receipt that $1,000 had been received by respondent on the purchase price is a clerical error since the receipt in the very first lines clearly acknowledges payment of $2,000. This sum with the $48,000 cash and the assumed loan of $19,500 totals the full sum of $69,500 which the Caliguiris agreed to pay for the property. Furthermore, the check for $2,000 given by the purchasers at the time the receipt was signed was received by appellant and deposited in his bank account. The balance then remaining unpaid by the purchasers amounted to $67,500, which is the total of the cash remaining to be paid and the loan to be assumed. Appellant, having received and retained the sum of $2,000, is in no position to claim that only $1,000 was paid when the original receipt was signed by Murphy.

2. *The commission was earned by respondent.* Appellant was not bound to accept the offer of the purchasers without a reasonable opportunity to satisfy himself both as to the purchase price of the property and as to the ability of the purchasers to perform their part of the agreement. Appellant's approval of the contract submitted by him and his acceptance and retention of the deposit of $2,000 which constituted part payment estop him from denying the claim of the broker for his commission. (*Wood & Tatum* v. *Basler,* 37 Cal.App. 381, 384 [173 P. 1109].) A broker through whose efforts a binding contract is made has earned his commission. (*Carrington* v. *Smithers,* 26 Cal.App. 460, 466 [147 P. 225].) The execution of a contract of sale by the owner of real property is conclusive proof that he was satisfied as to the qualifications of the purchaser and of his ability to perform the contract, thus rendering the owner liable for the payment of the broker's commission. (*McNamara* v. *Steckman,* 202 Cal. 569, 572 [262 P. 297].)

3. *Exceptions to rulings on admission of evidence.* After Murphy had testified that in a conversation with Koerner the latter stated that appellant had signed the agreement and that he, Murphy, later had another conversation with Koerner "in regard to seeing more of the premises" he was

asked "What was that conversation?" to which an objection by respondent's counsel was sustained. Objections to other questions relating to conversations between Murphy and Koerner were sustained.

Appellant maintains that Murphy, respondent's salesman, was the agent of the Caliguiris, that Koerner was the agent of appellant, and that therefore the conversations between them as representatives of appellant and respondent were admissible. Whether or not Koerner was appellant's agent is immaterial since there is no evidence that Murphy was the Caliguiris' agent at any time. Murphy was respondent's salesman. By the written agreement appellant made respondent his agent and agreed to pay the latter a commission for consummating the contract. Murphy therefore was the representative of appellant.

Moreover, there is nothing in the record to indicate the subject matter of any conversations that may have been had between Murphy and Koerner nor anything from which it may be determined that any of the conversations were pertinent to the issues involved in the action, or that if answers to the questions had been permitted they would have been favorable to appellant. When an objection to a question is sustained and the question does not indicate that the answer would be favorable to the party making the inquiry the ruling will not be reviewed by an appellate court unless an offer of what was proposed to be proved was made to the trial court (*Price* v. *Price,* 71 Cal.App.2d 734, 738 [163 P.2d 501]) so that the reviewing court can determine whether the proposed evidence would have been material to the action and beneficial to the party offering it. (*Sumida* v. *Pacific Auto. Ins. Co.,* 51 Cal.App.2d 472, 478 [125 P.2d 87].) Defendant was not precluded by the rulings of the court from proving any fact material to the case. More than once the court stated that appellant would be permitted to present evidence pertaining to any issue of the case and on one occasion stated "It is the fact you just don't ask your questions properly to prove it."

The only offer of proof made by appellant to which our attention has been called was that he expected to prove that Murphy, representing respondent, and Koerner, representing appellant, had a conversation to the effect that no commission was to be paid except in the event of a sale, that if the sale should be consummated the commission was to be divided equally between respondent and Koerner, and that

the receipt given by Murphy to the Caliguiris was used only for the convenience of the parties. Obviously, such evidence was inadmissible because (1) it was an attempt to vary the terms of a written agreement by oral testimony; (2) there was no evidence that Koerner was appellant's agent, since the mere listing of the property with Koerner for sale did not create an agency by which Koerner could bind appellant; (3) appellant had already acknowledged respondent to be his agent by the signing of the writing whereby he approved the contract and agreed to pay respondent a commission, and Murphy, as the latter's salesman, was representing appellant.

Appellant maintains that respondent was not his agent at the time the latter received the deposit from the Caliguiris. If this view should be adopted appellant nevertheless ratified the transaction in the writing which created the agency and cannot now disavow it. (*McBride* v. *McCartney,* 53 Cal.App. 707, 709 [200 P. 756] ; *Johnson* v. *Krier,* 59 Cal. App. 330, 332 [210 P. 966].)

4. *The ruling on the motion for new trial.* At the hearing of appellant's motion for a new trial he proffered an affidavit with reference to an action brought by the Caliguiris against Koerner and appellant Stearns in the municipal court of Long Beach in which they sought to recover the deposit of $2,000 made by them when the agreement was signed. The decision of the appellate department of the superior court was filed on the day before the findings of fact and judgment in the instant case were signed. By that decision the judgment of the municipal court in favor of Stearns was reversed. Appellant sought to present the memorandum of opinion of the appellate department as newly-discovered evidence which could not have been produced at the trial for the reason that the same had not been filed.

Since respondent in the instant action was not a party to the municipal court case the opinion of the appellate department in the latter would not have been admissible if it had been in existence at the time of the trial and cannot be considered as a basis for a new trial in this action.

The judgment is affirmed. The appeal from the order denying appellant's motion for a new trial is dismissed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1947.