[Civ. No. 3726. Fourth Dist. June 9, 1948.]

FREEMAN B. RALSTON et al., Respondents, v. ARMEN DEMIRJIAN et al., Appellants.

Harry Sarkisian for Appellants.

Ralph Robinson for Respondents.

MUSSELL, J. pro tem.—This is an appeal from a judgment recovered against defendants for a commission growing out of a contract for the sale of real property.

Defendants were the owners of the real property involved, and listed it for sale with plaintiff real estate brokers at the price of $22,000.

The written agreement which forms the basis of this action was entered into on October 28, 1946. Receipt of the sum of $1,000 from Yervant Nikasarian, the purchaser, was recited therein, and the property was described as a 20-acre vineyard located on the southwest corner of Dinuba Avenue and Highway 99, in the county of Fresno. The agreement contained the following provision: "The seller will take out only two acres from the corner for the gas station and other business. The boundary line of the 20 acres shall start 50 feet from the farthest Bldg. on the 99 Highway side." The instrument was signed by the real estate agent, by the purchaser, Yervant Nikasarian, who agreed to purchase the property on the terms and conditions contained in the contract, and by defendants, who agreed to sell the property described in the agreement on the terms and conditions therein stated, and to pay the agent the sum of $1,100 as commission.

The contract also contained a marginal recital as follows: "The total acreage being 22 ac. the seller will retain only 2 ac. on the corner, leaving 20 ac. for the buyer."

On October 30, 1946, the purchaser and plaintiff M. Manashian opened an escrow with the title company. The purchaser deposited the $1,000 theretofore paid and escrow instructions were drawn.

Defendants refused to sign the escrow instructions because of the uncertainty in the description of the 2 acres reserved to them and insisted that a survey be made to ascertain and describe the boundaries. Upon completion of the survey it was found that the entire ranch contained only 19¾ acres;

that the boundary did not start at Dinuba Avenue and Highway 99 but commenced at the center line of the Fowler Switch Canal where it intersects the state highway, and that 1¾ acres of the property was located across Dinuba Avenue. There was no planting of vines on this portion. In the discussion which followed the buyer insisted on obtaining 20 acres of vineyard and the sellers were equally insistent that 2 acres be taken out for the business property. The parties could not agree, the buyer withdrew his offer on November 21, 1946, and the present action was filed December 16, 1946.

(1) Defendants first contend that the broker did not procure a buyer who was ready, willing and able to buy on the owners' terms. The trial court found against their contention in this respect and there is no evidence in the record to support a contrary finding. The buyer paid the original deposit and was never called upon to make payment of the balance. He testified that he had the purchase money available on the day the contract was signed and for some time thereafter. Furthermore, the execution of a contract of sale by the owner of real property is conclusive proof that he was satisfied as to the qualifications of the purchaser and of his ability to perform the contract, thus rendering the owner liable for the payment of the broker's commission. (*McNamara* v. *Steckman*, 202 Cal. 569, 572 [262 P. 297] ; *Deeble* v. *Stearns*, 82 Cal.App. 2d 296, 299 [186 P.2d 173].)

(2) The broker obtained from the buyer a valid, binding and enforceable agreement to buy on the owners' terms. Defendants argue that it is impossible to identify the property to be sold and for that reason the contract is not valid, binding and enforceable. There is no testimony in the record indicating that there was any difficulty in locating the boundary lines of the entire property or of the 2 acres to be excluded from the sale, according to the express terms of the written agreement entered into between the parties.

The rules governing the sufficiency of the description of property in executory contracts to sell or exchange real property are well settled. Much less certainty and particularity of description are required in the case of a contract than are required in the case of a deed (*Wright* v. *L. W. Wilson, Inc.*, 212 Cal. 569, 573 [299 P. 521]) as was said in *Johnson* v. *Schimpf*, 197 Cal. 43, at page 48 [239 P. 401, 403] where the rule is stated as follows :

"It is now the general and well-established rule that less strictness in the description of property is demanded in a contract than in a deed of conveyance. In the construction of executory contracts of sale of real estate, courts have been most liberal and have sought, as far as consistent with established rules, to give effect to the intention of the parties in applying descriptions of property. The usual rigid construction given to deeds has not been adhered to in the character of contracts under consideration here. The description may be supplemented by extrinsic evidence showing its application to particular property to the exclusion of all other property. Parol evidence is ordinarily admissible to show what property the parties intended to convey and it will be deemed that a contract adequately describes the property if it refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject matter of the contract.''

It does not appear that there was any uncertainty in the minds of any of the parties in the present action as to the location of the real property as described in the written contract. It was the fact that the property described therein, after excluding 2 acres, did not constitute 20 acres which caused the disagreement of the parties and the resulting court action. In this connection it should be noted that defendants first repudiated the contract. It does not appear that defendants ever submitted escrow instructions to the buyer or demanded the performance of the contract of sale.

(3) It is finally urged that the broker was guilty of fraud, overreaching and bad faith toward his principal, barring his right of recovery.

The agreement upon which this action was brought was reduced to writing, read to defendants and was signed by them. No complaint was made at the time by them or later in the trial court that the plaintiffs were guilty of fraud in procuring their signatures.

No facts were alleged nor proved at the trial which would support a finding favorable to appellants as to their last point presented.

█ The plaintiffs procured a buyer ready, willing and able to buy the property described in their contract of employment and according to the terms thereof. The buyer executed a valid, binding and enforceable agreement to buy on the owners'

terms. Nothing further remained to be done by plaintiffs. Under such circumstances plaintiffs are entitled to recover the commission. (*Deeble* v. *Stearns, supra.*)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 1, 1948, and respondents' petition for a hearing by the Supreme Court was denied August 5, 1948.