140 Cal.App.2d Supp. 982 (1956)
JAMES RICHARD MITCHELL, Plaintiff and Appellant,
v.
RUTH L. JOHNSTON, Defendant and Appellant; W. E. JORDAN, Respondent.
California Court of Appeals. 
Apr. 5, 1956.
 James E. Walker for Plaintiff and Appellant.
 Roy J. Brown for Defendant and Appellant and for Respondent. [140 Cal.App.2d Supp. 983]
 THOMPSON, J.
 This is a discussion of the appeal by defendant Ruth L. Johnston from a judgment against her by plaintiff real estate broker for a real estate commission, based upon what is often called a "standard form" deposit receipt agreement, a copy of which is attached to the complaint. The receipt was signed by Mitchell Realty, by Joe Steele, acknowledging receiving $500 as a deposit on the purchase of the property in question on account of a total purchase price of $34,000. Below the signature of the plaintiff is an agreement by defendant W. E. Jordan to purchase the property upon the terms set out in the receipt form and below that space is an agreement by defendant, Ruth L. Johnston, to sell the property and to pay "the above signed agent as commission the sum of $1700.00, or one-half the deposit, in case same is forfeited by purchaser, provided the same shall not exceed the full amount of the commission."
 It appears that after this agreement, Jordan and Johnston entered into an escrow with a title company, and thereafter, by mutual agreement, terminated the escrow and the agreement to sell and purchase.
 Plaintiff did not have a listing agreement employing him to procure a purchaser for the property.
 [1] We believe that under these circumstances, the rule as most recently stated in the case of Lawrence Block Co. v. Palston, 123 Cal.App.2d 300 [266 P.2d 856], applies. That action was by a broker upon an agreement almost identical in form to the one in this case. The court said:
 "Where the only agreement to pay a broker a commission is contained in the contract between his principal and the customer, the broker's right to compensation is dependent upon performance of that contract. If the customer refuses to perform, or if the contract is canceled or rescinded, the broker cannot recover. In such cases the broker, not having the protection of the ordinary broker's contract for compensation for service to be performed, must stand or fall on the contract actually entered into; and if he has seen fit to allow payment of his compensation to be dependent upon the performance of a contract made between parties other than himself, he cannot complain if, through the non-performance of that contract, his own contingent rights be lost."
 Plaintiff argues strenuously that this case should not be followed; that the language quoted is dictum, and that the language is in conflict with other recent cases. It is true [140 Cal.App.2d Supp. 984] that here was another ground upon which the decision in the Lawrence Block case might have rested; that was that the contract was incomplete, leaving various important matters for future determination. Even if we concede (which we do not) that the case is dictum so far as the point involved is concerned, yet we find by examining the numerous decisions cited therein that the rule as stated is well established in California.
 As was said in the case of K. Lundeen Corp. v. Barlow, 120 Cal.App. 391, at page 394 [7 P.2d 1102], a factually similar case,
 "His rights under the contract are governed by section 1559 of the Civil Code which reads as follows: 'A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.' Plaintiff's only rights are such as he may claim under the terms of the exchange agreement and he claims no other contract with defendant. The contract under which he claims recovery was rescinded before he attempted to collect his commissions, and his rights thereby terminated."
 Reference is made to the Lawrence Block Co. v. Palston case, at page 307, for other authorities upon which we rely.
 Not only do we feel that the rule is supported by authority, but that it is in accordance with reason and justice. [2] In the case of a broker having a listing whereby he is employed to procure a purchaser, it is just and proper that when he does obtain a buyer ready, willing and able to purchase upon the terms sought by the owner, he has performed his contract and is entitled to compensation. [3] On the other hand, where a broker comes into a situation as a volunteer and induces a property owner and a prospective buyer to enter into a contract between themselves providing for a commission to himself, it is only reasonable and fair that his right to compensation should depend upon the actual consummation of the transaction by the principals.
 We are aware of the following cases: Lipton v. Johansen, 105 Cal.App.2d 363, 369, 370 [233 P.2d 648]; Deeble v. Stearns, 82 Cal.App.2d 296 [186 P.2d 173]; Clements v. Rankin, 83 Cal.App.2d 779, 785 [189 P.2d 725]; Ralston v. Demirjian, 86 Cal.App.2d 124, 126 [194 P.2d 41], and cannot assert that they can be reconciled with our ruling and the cases upon which we rely. We are following the cases which we deem to be the greater weight of authority and more consistent with reason and justice. [140 Cal.App.2d Supp. 985]
 In the case of Lipton v. Johansen apparently the court was not reminded of the cases which are cited above, and the point upon which we rely is not discussed.
 The case of Clements v. Rankin apparently allowed recovery upon deposit receipt after the parties had rescinded; however, the opinion states "Defendants had listed their property for sale with plaintiff." There is no further discussion or mention of a prior listing.
 There was an offer of proof by plaintiff in the lower court that the $500 deposit with the broker was retained by defendant. Objection to this offer was sustained. It seems to us that this evidence should have been admitted, and if it is true that there was a forfeiture it would seem that the defendant, having retained the deposit pursuant to the forfeiture, would be estopped from denying the claim of the broker for his half thereof, to wit: $250.
 Judgment of the lower court is reversed and the case remanded for further proceedings consistent with the views we have expressed. The same and other considerations lead us to affirm the judgment in favor of the respondent, the buyer Jordan.
 Gardner, J., concurred.
 WEST, P. J.
 I dissent. I have no quarrel with the proposition that where the only agreement to pay a commission to a real estate broker is contained in the contract between the broker's principal and the purchaser, the broker's right to compensation is lost through nonperformance of that contract, but such is not the situation here presented.
 Mitchell Realty, through its agent, Steele, procured a purchaser who agreed to buy the property, and who paid a deposit. Steele, in behalf of his principal, acknowledged receipt of the same "on account of the purchase price" of the property. Mrs. Johnston thereafter agreed to sell the property on the terms stated and agreed to pay "the above signed agent" as commission the sum of $1,700. All of these matters are contained in a standard form deposit receipt agreement. The buyer and seller thereafter entered into an escrow upon such terms.
 It is my opinion that under the circumstances here existing, there was a separate contract of employment contained in the deposit receipt, and that the case is governed by the rule stated in Deeble v. Stearns, 82 Cal.App.2d 296 [186 P.2d [140 Cal.App.2d Supp. 986] 173], and followed in Clements v. Rankin, 83 Cal.App.2d 779, 785 [189 P.2d 725], Ralston v. Demirjian, 86 Cal.App.2d 124, 126 [194 P.2d 41], and Lipton v. Johansen, 105 Cal.App.2d 363, 369 [233 P.2d 648]. The four cases cited in this opinion all support my view that the broker who executes the deposit receipt setting forth the terms and conditions of the sale is a party to such agreement, and becomes entitled to his commission when his principal, in writing, approves the contract submitted by him in writing, and agrees in the same writing to pay such commission.
 I would affirm the judgment in favor of respondent Jordan and against appellant Johnston.