WEST, P. J.
I dissent. I have no quarrel with the proposition that where the only agreement to pay a commission to a real estate broker is contained in the contract between the broker’s principal and the purchaser, the broker’s right to compensation is lost through nonperformance of that contract, but such is not the situation here presented.
Mitchell Realty, through its agent, Steele, procured a purchaser who agreed to buy the property, and who paid a deposit. Steele, in behalf of his principal, acknowledged receipt of the same “on account of the purchase price” of the property. Mrs. Johnston thereafter agreed to sell the property on the terms stated and agreed to pay “the above signed agent” as commission the sum of $1,700. All of these matters are contained in a standard form deposit receipt agreement. The buyer and seller thereafter entered into an escrow upon such terms.
It is my opinion that under the circumstances here existing, there was a separate contract of employment contained in the deposit receipt, and that the case is governed by the rule stated in Deeble v. Stearns, 82 Cal.App.2d 296 [186 P.2d *Supp. 986 173], and followed in Clements v. Rankin, 83 Cal.App.2d 779, 785 [189 P.2d 725], Ralston v. Demirjian, 86 Cal.App.2d 124, 126 [194 P.2d 41], and Lipton v. Johansen, 105 Cal.App.2d 363, 369 [233 P.2d 648]. The four eases cited in this opinion all support my view that the broker who executes the deposit receipt setting forth the terms and conditions of the sale is a party to such agreement, and becomes entitled to his commission when his principal, in writing, approves the contract submitted by him in writing, and agrees in the same writing to pay such commission.
I would affirm the judgment in favor of respondent Jordan and against appellant Johnston.