[Civ. No. 21658.   Second Dist., Div. Three.   Nov. 30, 1956.]

E. CLARKE AUSTIN, Respondent, v. AGNES M. RICHARDS, Appellant.

Russell E. Parsons for Appellant.

Robert C. Mardian and Boyle, Bissell & Atwill for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment for plaintiff in an action to recover a real estate broker's commission.

Defendant was the owner of a parcel of improved realty. On March 6, 1954, by an instrument in writing, defendant granted plaintiff, a licensed real estate broker, "the exclusive and irrevocable right" to sell the property for $350,000 on terms of "Cash or acceptable to Seller," in consideration of which she agreed to pay plaintiff a commission of 5 per cent of the purchase price.

In May plaintiff received an inquiry in answer to an advertisement from a Mr. Gerhardt, a resident of New Jersey. Gerhardt came to California and examined the property with defendant, and the two entered into negotiations. On June 7, 1954, defendant and Gerhardt entered into a written agreement whereby defendant agreed to sell and Gerhardt to buy the property for $310,000, payable $90,000 in cash and the balance at the rate of $1,300 a month without interest. In the contract defendant agreed to pay plaintiff as commission the sum of "$10,000.⁰⁰—(5000.⁰⁰ on close of Escrow $5,000.⁰⁰ Jan 4 1955 (Note.)." Plaintiff initialed this provision as "OK." On the following day an escrow was opened on joint escrow instructions signed by defendant and Gerhardt which called for performance on or before August 1, 1954. The escrow instructions contained the following: "Commission: payable as follows:—$5,000.00 at close of escrow & $5,000.00 on January 4, 1955, the seller will execute a personal note for second payment on commission without interest," and "Commission is acceptable in full settlement. E. C. Austin."

On June 25, 1954, defendant gave Gerhardt a notice of

rescission of the contract on the grounds of fraud purportedly practiced on her by Gerhardt.

The complaint alleged the foregoing facts. The answer admitted them, denied plaintiff had performed all the conditions and agreements on his part to be performed, denied that anything was due or owing, and admitted defendant had not paid plaintiff any sum. The answer set up three affirmative defenses: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. The contract to pay a commission was procured by fraud of plaintiff and the contract to sell was procured by fraud of Gerhardt, aided and abetted by plaintiff. 3. The consideration for the purchase was inadequate. The court found for plaintiff on all issues, except it found that the consideration for the purchase was inadequate but plaintiff was not responsible therefor. Judgment was for plaintiff in the sum of $10,000, from which defendant appeals.

It is asserted the evidence does not support the finding that plaintiff was free and clear of any fraud, misrepresentation, or overreaching. The point is untenable. The short of the matter is that the evidence on the point was conflicting. The bone of contention is merely the evaluation of that evidence. There was evidence which sustains the finding. There was other evidence from which the court could have reached a different conclusion. ▇▇ "As Mr. Justice McComb stated in *Marson* v. *Rand*, 107 Cal.App.2d 466, 468 [237 P.2d 18]: ' "It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled." ' " (*Gillespie* v. *Gillespie*, 121 Cal.App.2d 95, 97 [262 P.2d 607]; *Sonkin* v. *Hershon*, 130 Cal.App.2d 491, 492 [279 P.2d 156].) This court may not set aside the trial court's finding because it might have reached a different conclusion.

The court found that the consideration for the sale was inadequate, and "[t]he court finds that although such difference between the value of the property and the cash value of the consideration on June 7, 1954 might render the transaction unfair, unjust and inequitable as between said Agnes M. Richards and the purchaser Leon Gerhardt so as to preclude the specific performance of said contract at the instance of said purchaser, that the plaintiff was in no way responsible for such unfairness, injustice or inequity or for any inade-

quacy of consideration and the transaction was agreed to and accepted by the seller, the defendant Agnes M. Richards, with full knowledge of its terms and effects and there was nothing unfair, unjust or inequitable in the transaction as between the plaintiff and the defendant.'' Defendant asserts the inadequacy of the purchase price is a good defense to this action for the broker's commission. The point is without merit.

A broker properly authorized to sell property has performed his contract and is entitled to his commission when he proves he has in pursuance of his employment and within the time specified procured a buyer ready, willing, and able to buy on the terms and conditions specified in the contract of employment; or, if the exact terms are not specified in his contract, on terms satisfactory and acceptable to his employer. (9 Cal.Jur.2d 255, § 87.) The execution of a contract of sale by the owner of realty is conclusive proof that he was satisfied as to the qualifications of the purchaser and of his ability to perform the contract, thus rendering the owner liable for the payment of the broker's commission. (*McNamara* v. *Steckman,* 202 Cal. 569, 572 [262 P. 297]; *Deeble* v. *Stearns,* 82 Cal.App.2d 296, 299 [186 P.2d 173]; *Ralston* v. *Demirjian,* 86 Cal.App.2d 124, 126 [194 P.2d 41].) Defendant's approval of the contract with Gerhardt estops her from denying plaintiff's claim for his broker's commission. (*Deeble* v. *Stearns, supra,* 299; *Mann* v. *Mueller,* 140 Cal.App.2d 481, 487 [295 P.2d 421].) The fact that because of inadequacy of consideration Gerhardt could not compel defendant to specifically perform the contract is not a defense to plaintiff's action for his commission. Plaintiff procured a buyer who was ready, willing, and able to buy, and who was accepted by defendant. Plaintiff earned his commission. *Diamond* v. *Fay,* 23 Cal.App. 566 [138 P. 933], relied on by defendant, is not in point. In that case the broker did not procure a lessee who was *able* to enter into the lease; hence, it was held he was not entitled to a commission.

Finally, defendant asserts that the fact she instructed the escrow holder to pay half of the commission ''at close of escrow'' prevents plaintiff from recovering his commission when she in good faith rescinded and refused to pass title.

The same point was made in *Clark* v. *Dulien Steel Products, Inc.,* 54 Cal.App.2d 92 [128 P.2d 608], where after the broker's principal had signed a contract with the seller for the purchase of scrap iron, the broker and his principal entered into a

contract for the broker's commission. The contract provided that "Whereas Rosenberg [the broker] has rendered services, as a broker, in the consummation of the sale of approximately 5,000 tons of iron ship scrap . . . [the defendant] agrees to pay [Rosenberg] the sum of $1.50 per each gross ton of such scrap purchased by [the defendant] . . . immediately upon delivery and complete shipment and payment of the purchase price of such scrap. . . ." The contract between the principal and the seller was mutually cancelled by the parties. The plaintiff, the assignee of Rosenberg, sued to recover the broker's commission. The court held that the words " 'upon delivery and complete shipment and payment of the purchase price' . . . merely provide a time for the payment of services already rendered, not a limitation of his right thereto."

The contract between defendant and Gerhardt which plaintiff initialed expressly provided that $5,000 would be paid plaintiff "on close of escrow" and $5,000 on January 4, 1955 to be evidenced by defendant's note. Construing the contract and the escrow instructions together, it is evident that the promise to pay was absolute and that "on close of escrow," "at close of escrow," and January 4, 1955, merely fixed the times for payment. The promise to pay was not contingent on the escrow's closing. (See 3 Williston, Contracts, § 799.)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 23, 1957.