[Civ. No. 19837.   First Dist., Div. Two.   Nov. 16, 1961.]

JOSEPH J. CARDOZA et al., Plaintiffs and Respondents, v. VERNIE MOOREHOUSE, as Executrix, etc., Defendant and Appellant.

Harold J. Abraham for Defendant and Appellant.

Wagener, Brailsford, Jewett & Lynch for Plaintiffs and Respondents.

KAUFMAN, P. J.—This is an appeal by the estate of the deceased seller from a judgment decreeing that the plaintiff, Joseph J. Cardoza, a licensed real estate broker, was entitled to his commission despite the default of the buyer. The sole question presented is whether the plaintiff is entitled to one-half of the $7,500 deposited by the buyer.

The basic facts are not in dispute. The seller, Rose A. Martin, was the owner of about 60 acres of real property in southern Alameda County. On September 15, 1954, she entered into a standard form deposit receipt agreement of sale for this property at $4,200 per acre to the buyer, Morris Abouaf, providing that if the land was suitable for sub-division purposes, the buyer was to pay the deposit on or before December 30, 1954. The agreement provided that the seller was to be paid out of the fifth construction loan payment at the rate of $1,000 per home and that the purchase was to be completed in three years.

The plaintiff, Joseph J. Cardoza, was named as broker in the agreement, and the seller's acceptance stated: "The undersigned agrees to pay Broker therein named and employed by the undersigned to sell said property as commission the sum of 5% of the total sale price payable as follows. $100.00 per home to be paid at the time the seller receives their payment from the buyer & until 5% of the sale price has been paid or one-half of the amounts paid by the Buyer in the event the same is forfeited, provided such one-half shall not exceed the full amount of said commission." The agreement also contained the usual provision stating: "If Buyer fails to pay the balance of said purchase price, or to complete said purchase as herein provided, the amounts paid hereon may be retained by Seller at his option as consideration for the execution of this agreement by Seller."

On December 31, 1954, pursuant to the terms of the deposit receipt, the buyer deposited $7,500 with the title company. On the same date, the seller and buyer executed a holding agreement. The plaintiff was not a party to this agreement. Pursuant to the holding agreement, the seller delivered the deed

conveying title to North American Title Guaranty Corporation, and the title company paid $7,500 to the account of the seller.

Subsequently, the buyer defaulted; no further payments were made; no houses built; and the contract never performed. In April 1958, the seller demanded and received a reconveyance of the property from the title company. On September 11, 1958, Joseph J. Cardoza and Louis L. Cardoza, individually and doing business as Cardoza Realtors, filed their complaint in this action. The answer of the seller alleged that the complaint failed to state a cause of action, asserted actual performance by the buyer, and acknowledged the seller's indebtedness to the plaintiff for $375, representing 5 per cent of the $7,500 deposit. On September 13, 1959, the seller died, and Vernie Moorehouse, the appellant herein, as executrix of the estate of Rose A. Martin, was duly substituted as the defendant in this action. After a trial without a jury, the court found the facts substantially as stated above and concluded that the plaintiff, Joseph J. Cardoza, was entitled to judgment against the appellant executrix for one-half of the buyer's $7,500 deposit. The court also concluded that as the plaintiff, Louis L. Cardoza, was not named as broker in the deposit receipt agreement, he was to take nothing by his complaint.

Defendant here argues that the plaintiff, Joseph J. Cardoza, is not entitled to a commission because the payment of his commission was specifically made contingent upon the payment to the seller by the buyer of $1,000 per home out of the fifth construction loan; that the complaint of Louis L. Cardoza did not state a cause of action, and that the findings are contrary to law and are not supported by the evidence. We cannot agree. The findings objected to are substantially supported by the evidence.

It is apparent from a most casual perusal of the deposit receipt and the holding agreement that the trial court has arrived at a reasonable interpretation of their terms (*Deeble* v. *Stearns*, 82 Cal.App.2d 296 [186 P.2d 173]). The plaintiff is not a party to the holding agreement; nor is there any merit in defendant's argument that the plaintiff, Joseph J. Cardoza, was the third party beneficiary thereof. The established rules of law governing a broker's right to a commission are stated in *Meyer* v. *Selggio*, 80 Cal.App.2d 161, 164 [181 P.2d 690] : "2. A broker's commission is earned when

the vendee and vendor have executed a binding, written agreement between them upon the terms provided in the contract of employment of the broker, and the vendee is ready, willing, and able to perform the contract on the terms prescribed. (*Lind* v. *Huene,* 205 Cal. 569, 570 et seq. [271 P. 1087].)

██ "3. The readiness, willingness, and ability of the vendee is conclusively presumed in a suit by a broker to recover his commission upon proof that the vendor has entered into a valid contract of purchase and sale with the vendee. (*Malmstedt* v. *Stillwell,* 110 Cal.App. 393, 398 [294 P. 41].)

██ "4. The right of the broker to his commission is not affected by failure of either party to carry out the agreement. (*Lind* v. *Huene, supra*; *Twogood* v. *Monnette,* 191 Cal. 103, 107 [215 P. 542].)"

██ In the instant case, the deposit receipt constituted the full and final agreement between the parties, and in the absence of either actual or implied consent to the terms thereof, plaintiff is not bound by the holding agreement. In *LeBlond* v. *Wolfe,* 83 Cal.App.2d 282, 285 [188 P.2d 278], it was held that the broker was not bound by a clause in the escrow instructions, added without his knowledge or consent, that the commission was payable *"if and when deal is closed."* The right of the broker to his commission is not affected by the failure of either party to carry out the agreement (*Danenberg* v. *O'Connor,* 195 Cal.App.2d 194 [15 Cal.Rptr. 667]; *Lipton* v. *Johansen,* 105 Cal.App.2d 363 [233 P.2d 648]; *Lind* v. *Huene,* 205 Cal. 569 [271 P. 1087]; *Twogood* v. *Monnette,* 191 Cal. 103, 107 [215 P. 542]).

Defendant here contends that the evidence does not support the finding that the buyer defaulted and the title company paid $7,500 to the account of the seller on December 31, 1954. In the state of the evidence, the latter contention appears almost frivolous, and the former is completely inconsistent with defendant's admission of liability to the extent of $375. Defendant's remaining arguments likewise do not warrant further discussion here. A reading of the record in this case shows that the evidence supports the findings and the findings support the judgment.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.