[Civ. No. 544.   Third Appellate District.—January 23, 1909.]

## J. J. MULLARKY, Appellant, v. J. H. YOUNG, Respondent.

INCOMPLETE CONTRACT TO CONVEY LAND—FAILURE OF PARTIES NAMED TO SIGN—UNTENABLE ACTION FOR BREACH.—A contract for the conveyance of real estate between two named parties of the first part and two named parties of the second part, which is signed by one only of each part, does not constitute a complete contract, nor ground for any cause of action to enforce the same, and an action of damages for breach thereof cannot be maintained.

ID.—RECIPROCAL RIGHTS AND DUTIES NOT CREATED BETWEEN PARTIES SIGNING.—A contract between A and B of one part, and C and D of the other part, is not a contract between A and C, and, if signed by them only, it is not executed, and creates no reciprocal rights and obligations between the parties signing.

ID.—CONTRACT SIGNED BY VENDORS TO BE CHARGED—ACCEPTANCE BY PURCHASERS.—If a contract were signed by both of the vendors to be charged with the sale of land, and the same were accepted and acted upon by the purchasers, though not signed by them, it would be deemed complete and enforceable. But such a case is not here presented.

ID.—RELIEF FOR FRAUD OR MISTAKE—PLEADING.—If there were any circumstances connected with the transaction which would relieve the situation, and which by reason of fraud or mistake were not incorporated in the writing, it was the duty of plaintiff to plead the same.

ID.—DEMURRER SUSTAINED WITHOUT LEAVE TO AMEND—INTENDMENTS IN FAVOR OF COURT'S ACTION—REQUEST NOT SHOWN—DISCRETION NOT ABUSED.—When the court sustained the demurrer to the complaint for damages for breach of the incomplete contract, without leave to amend, all intendments are in favor of the action of the lower court; and it must be presumed upon appeal, if the record does not show any request for leave to amend, that no such request was made, and it cannot be said that the court abused its discretion in not granting such leave.

APPEAL from a judgment of the Superior Court of Alameda County.   Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

L. W. Lovey, and Walter E. Dorn, for Appellant.

Charles C. Boynton, for Respondent.

BURNETT, J.—The action was brought to recover damages
for the breach of a contract to convey real estate.  A general
demurrer to the complaint was sustained and the correctness
of the ruling is the only question involved in the appeal.

The foundation of plaintiff's claim is disclosed by the fol-
lowing allegation: "That heretofore, to wit, on the eighteenth
day of December, 1907, for a good and valuable consideration,
plaintiff entered into an agreement in writing with defendant
for the purchase of certain real property situate in the County
of Alameda, State of California, by the terms of which agree-
ment defendant agreed to sell and convey, and plaintiff agreed
to buy certain real property in the County of Alameda; a
copy of said agreement is hereto annexed and marked 'Ex-
hibit A' hereby specifically referred to and made a part of
this complaint as though duly incorporated therein."  Refer-
ring to said exhibit we find it does not contain any agreement
whatever between plaintiff and defendant.  It imposes no
obligation and confers no privilege upon either in behalf of
the other.  Plaintiff did not promise to pay the consideration
to defendant nor did defendant agree to convey the property
to plaintiff.  It is true that if we consider it in any sense a
contract plaintiff and defendant were participants therein,
but it cannot be said to be an agreement between them as
there were other parties of equal rank to share the common
burden and benefit.  A contract between A and B on the one
hand and C and D on the other cannot be said to be an agree-
ment between A and C.  But the correct position here is that
the purported contract was not executed and therefore it
never created any reciprocal rights and obligations.  It re-
lated to the conveyance of real property, and under the
statute it was required to be in writing and subscribed by the
party to be charged.  But as the written instrument was
signed by only two of the four parties to the agreement, it
does not constitute a complete contract, and therefore it
does not constitute the ground for a cause of action.  This is
clear from the exhibit which recites that "This agreement
made this eighteenth day of December, 1907, between J. H.
Young and Lizzie S. N. Young, his wife, the parties of the
first part, and J. J. Mullarky and Marguerite Mullarky, his
wife, the parties of the second part, Witnesseth: That the

said parties of the first part in consideration of the covenants and agreements on the part of the said parties of the second part and the payments by them to be made, agree to sell and convey to the said parties of the second part, and they agree to buy all that certain lot," etc.

We cannot assume that the intention of the parties was other than as indicated by the language used to bind all or none at all.

But it is unnecessary to pursue the discussion further as the identical question has been set at rest by the supreme court in several decisions, among which are *Jackson* v. *Torrence,* 83 Cal. 521, [23 Pac. 695], and *Olson* v. *Lovell,* 91 Cal. 506, [27 Pac. 765]. In the former the learned Chief Justice says: "The only contract he (the husband) executed or intended to execute was a contract in which his wife was to join for the conveyance of the whole property for a round sum. Until this contract was completed by the accession of his wife, there was no contract of which there could be any breach or failure to perform. As we have seen, the wife never did execute and it never became binding upon the *husband* because it never bound *her.* His delivery of the contract to the purchasers, if he did deliver it, can make no difference in this conclusion. . . . it was not his fault that she was not bound, and as his agreement was dependent on her concurrence, he cannot be compelled to convey without first making a contract for him and then enforcing compliance."

In the Olson case, *supra,* it is held, as stated in the syllabus, that: "A contract for the exchange of land by the terms of which the party of the first part is to convey a tract of land owned by him, and pay a money consideration to two persons named as parties of the second part, who are to convey in exchange therefor a city lot owned by them as cotenants, but which is signed only by one of the parties of the second part, cannot be specifically enforced by the party of the first part against the co-owner signing the contract, if the other co-owner has repudiated the contract and refused to comply with its terms. The co-owner signing the contract, not being liable for a breach of the contract, is not liable for damages therefor, upon his refusal to convey his interest in the land, and cannot be held liable in damages, unless it be for fraud or deceit."

The cases cited by appellant, when the facts are considered, are seen to be not inconsistent with the foregoing views.

*Cavanaugh* v. *Casselman*, 88 Cal. 543, may be taken as an illustration. There the contract was really between Ezra Casselman and B. W. Cavanaugh alone, as shown by the written instrument, although it was signed by Ezra Casselman and Annie Casselman and not signed by Cavanaugh, but it appears that Annie Casselman was really not a party, and as said by the supreme court: "The agreement was prepared by the direction and in the presence of both parties, on the sixteenth day of May, 1888. It was at that time signed by the defendant, who received from the plaintiff the sum of one thousand dollars as part consideration for its execution, and who then delivered it to the plaintiff. The plaintiff accepted the same from the defendant and caused it to be recorded in the office of the county recorder. These acts made a contract binding upon both parties even without the signature of plaintiff." Therein, however, is reaffirmed the rule as stated by Bishop on Contracts, section 348, that "If by parol stipulation or *a fortiori* if by the writing itself the contract was not to be deemed complete until other signatures should be added, it without such signatures will not bind those who have signed it." If in the case at bar the contract had been signed by both parties of the first part, the vendors, and although not signed by the parties of the second part had been accepted and acted upon by them, then it would be deemed complete, but no such case is made to appear. Indeed, from the language of the complaint in connection with the exhibit, it is quite clear that the contemplated contract was never completed.

If in connection with the transaction there was any circumstance opposed to this view, which, on account of fraud or mistake, was not incorporated in the written instrument, it was obviously the duty of plaintiff to allege it. He chose rather—and we must assume deliberately—to place himself upon ground that is entirely untenable.

But it is contended by appellant that the court abused its discretion in refusing leave to amend his complaint.

It is true that much liberality should be exercised in allowing amendments to pleadings in order that cases may be tried upon their merits, but granting that the complaint could have been amended so as to successfully resist a demurrer and without setting forth an entirely different cause of action, still every intendment must be indulged in favor of the judgment

of the lower court, and we must assume that no offer nor suggestion of any amendment was made by appellant, and hence it cannot be said there was any abuse of discretion in denying something that was never sought nor contemplated by appellant until after the appeal was taken.

In conclusion it may be suggested that if plaintiff paid the $3,000 through mistake, or by reason of deceit on the part of defendant, in an appropriate form of action he should be able to recover judgment for it, and the present proceeding would be no bar, but we obviously are dealing with the complaint as we find it, and we think the ruling of the trial court was correct, and the judgment is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.