[Civ. No. 4486. Second Appellate District, Division Two.—September 19, 1927.]

NAT McDOWELL, Appellant, v. J. WILLIS et al., Respondents.

George H. Stone for Appellant.

George L. Flagg for Respondents.

PEAIRS, J., *pro tem.*—This is an appeal by the plaintiff from a judgment in favor of the above-named defendants who had signed a proposed agreement for exchange, reading as follows:

"This agreement witnesseth: That J. Willis, Maria A., Theresa S. and Frances W. Griebnow owner of the following described . . . First Piece of property situate, lying and being in California, County of Imperial . . . all of which we desire to exchange for the following Second Piece of property owned by S. R. Clark and wife, situate lying and being in California, County of San Diego, City of San Diego. . . . Terms: Each property to be delivered free and clear of all encumbrance. Nat McDowell is hereby authorized to act as our agent in negotiating an exchange. . . . And it is further agreed with said Nat McDowell that when he has secured an acceptance of the proposition to exchange the above described property on the above terms, we then pay the sum of One Thousand ($1,000) Dollars as commission for such services. . . .

"J. WILLIS,
"FRANCES W. GRIEBNOW.

"Witness to signatures:

"NAT McDOWELL.

"Dated at San Diego, Calif., this 13th day of February, 1923."

The acceptance reads as follows:

"This agreement witnesseth: That S. R. Clark, of San Diego, Calif. owner of the second piece of property described within, hereby accepts the proposition of exchange made herein, and upon the terms therein stated, . . . and then to furnish bargain and sale deed conveying title to said property to J. Willis, Maria A., Theresa S., and Frances W. Griebnow or assigns or their representatives. And I

further agree to pay Nat McDowell Five Hundred ($500.00) Dollars commission for said exchange.

"Dated at San Diego, this 13th day of February, 1923.

"S. R. CLARK,

"NAT McDOWELL.

"(Witness to signature.)"

It will be noted that Maria A. Griebnow (now Brown) and Theresa S. Griebnow did not sign the agreement and the evidence shows that they refused to sign or concur in said exchange in any manner and that plaintiff was aware of their interest in the property. The acceptance of S. R. Clark was clearly an agreement for all of the Willis and Griebnow properties, and not simply for the interest of J. Willis and Frances W. Griebnow therein, and without the signatures of Maria A. Griebnow (now Brown) and Theresa S. Griebnow plaintiff knew that he could not complete the deal, and the acceptor, S. R. Clark, knew that McDowell, the plaintiff, did not have complete authority.

The evidence further shows that Frances W. Griebnow paid plaintiff two hundred dollars and that J. Willis gave a check to plaintiff for three hundred dollars, which were, by oral agreement, to be returned if the deal did not go through.

It was held by the judge of the superior court that the agreement set out above never became valid or binding on any of the parties thereto because not signed by all of the parties, and that defendants were therefore entitled to the money and check paid to the plaintiff by them, and to their costs.

The only point, therefore, to be decided is whether the said agreement binds the two defendants in this case. In this connection we call attention to the case of *Mullarky* v. *Young,* 9 Cal. App. 686 [100 Pac. 709], which case also cites from the case of *Jackson* v. *Torrence,* 83 Cal. 521 [23 Pac. 695], and *Olson* v. *Lovell,* 91 Cal. 506 [27 Pac. 765]. The case of *Jennings* v. *Jordan,* 31 Cal. App. 335 [160 Pac. 576], is also referred to. Other decisions cited either agree with the aforesaid citations or are not entirely applicable to this case. The following quotation from the case of *Mullarky* v. *Young, supra,* at page 687, aptly applies to this case: "But the correct position here is that the purported contract was not executed and therefore it never

created any reciprocal rights and obligations. It related to the conveyance of real property, and under the statute it was required to be in writing and subscribed by the party to be charged. But as the written instrument was signed by only two of the four parties to the agreement, it does not constitute a complete contract and therefore it does not constitute the ground for a cause of action. This is clear from the exhibits. . . . ''

In view of these decisions of our courts, and the incomplete authorization of the plaintiff, the judgment is affirmed.

Works, P. J., and Craig, J., concurred.