[Civ. No. 18064. Second Dist., Div. Three. July 10, 1951.]

WILLIAM G. DEVEREUX et al., Appellants, v. JACK SIRKUS et al., Respondents.

Delvy T. Walton for Appellants.

Jack Sirkus, Marion Sirkus, Harold Senter, Ruth Senter, in pro. per., and Minter & Feder for Respondents.

SHINN, P. J.—Plaintiffs sued Jack Sirkus and wife, Harold Senter and wife, and George W. Olson and wife, to recover the amount of two broker's commissions claimed to have been earned in negotiating an exchange of real estate for defendants. The demurrers of defendants Sirkus and Senter were sustained without leave to amend and judgment was entered in their favor. No judgment has been rendered as to defendants Olson. Plaintiffs appeal.

The complaint contains three causes of action. It is alleged in the first cause of action that the defendants employed plaintiffs "to obtain a purchaser or person with whom they

could trade or exchange their respective real property''; that pursuant to their employment plaintiffs produced George W. Olson and Helen G. Olson who agreed in writing to exchange their property on Senalda Road in Los Angeles for Glenrock Avenue property owned by the other defendants, and to pay, in addition, a certain amount of cash; that defendants Sirkus and Senter entered into an escrow agreement with the Olsons for said exchange of properties on terms that were mutually satisfactory and that in and by said escrow agreement defendants Sirkus and Senter promised to pay plaintiffs a commission of $4,500, and the Olsons agreed to pay a commission of $2,250. Attached to the complaint is a copy of a receipt for $10 deposited with Devereux & Company containing an offer to exchange the Glenrock Avenue property for the Senalda Road property plus cash in the amount of the difference between the encumbrance then on the Glenrock Avenue property and $50,000. The latter provision evidently meant that if the balance of the loan was less than $50,000 the difference would be paid in cash. The offer is signed ''Hal Senter.'' Above his signature is the statement that he represents himself to be the owner of the Glenrock property; that he agrees to sell it on the terms stated and ''. . . personally agrees to pay a commission of $4,500 to above named Broker, or one-half the deposit in the event same is forfeited by the purchaser, provided that same shall not exceed the full amount of the commission. Said commission shall be payable in full at once if sale is not completed due to my failure to comply with the terms hereof.'' The brokers were expressly authorized to act for both parties to the exchange and accept commissions therefrom.

Typewritten in the printed agreement are certain expressions which indicate there were several persons interested in the ownership of the Glenrock Avenue property, namely, ''We, the undersigned, hereby agree . . . for our equity in the multiple dwelling property located at 511 Glenrock Avenue, Los Angeles'' and ''The owners of the property at 511 Glenrock Avenue, Los Angeles,'' etc. Although Sirkus and wife and Mrs. Senter did not sign this writing, it was alleged in the complaint that Harold Senter in signing the same was acting as the ''agent, servant and spokesman'' for those defendants, and that said defendants knew he was acting for and on their behalf in signing the instrument, approved of his employment, and that they afterwards ratified, confirmed, approved, signed and delivered the said escrow instructions.

It was expressly alleged that the Olsons orally agreed to pay plaintiffs a commission of $2,250. Attached to the complaint is a writing alleged to have been signed by defendants Olson, which is in the main a counterpart of the writing signed by Senter. Immediately underneath the signatures of the Olsons is an unsigned provision that they will pay the brokers a commission of $2,250, this provision being the same, except as to amount, as the one signed by Senter. The two writings considered together constitute an agreement for the exchange of the properties. Also attached to the complaint are the escrow instructions which are alleged to have been signed by all six defendants. These call for an exchange of the properties on the terms stated in the two writings previously mentioned. In these instructions Sirkus and wife and Senter and wife direct the escrow holder to pay ''at close of escrow'' commission of $4,500 to Devereux & Company, and the Olsons authorize the escrow holder to pay ''at close of escrow; upon the recording of deed commission of $2,250 to Devereux & Co.''

The demurrers were sustained without leave to amend upon the theory that there was no sufficient allegation of the employment of the plaintiffs by defendants Sirkus and Senter or any of them. In this we believe the court erred.

Respondents contend that the writing signed by Harold Senter was incomplete in that it was not to become effective as to any of the defendants unless it was signed by Mrs. Senter and Mr. and Mrs. Sirkus. If the proof should show this to be the fact the writing would not constitute an executed agreement. (*McDowell* v. *Willis*, 85 Cal.App. 496 [259 P. 765].) Although the writing on its face implies that others were to sign, we think the implication could be dispelled by proof of the other averments of the complaint, namely, those of the agency of Harold Senter, the knowledge and approval of his acts by the other owners and their recognition of plaintiffs' right to a commission contained in the executed escrow instructions. Moreover, it is alleged that plaintiffs were employed by defendants. The proof may show that Harold Senter and some or all of the nonsigning defendants orally engaged the services of plaintiffs. The demurrer specified uncertainty as to whether plaintiffs' employment was oral or in writing. (Code Civ. Proc., § 430(10).) If there was uncertainty it could have been cured by amendment.

Under the facts alleged the escrow agreement which recognized the right of plaintiffs to receive a commission of $4,500 was a sufficient written note or memorandum of the

employment of plaintiffs by defendants Sirkus and Senter, as stated in the writing signed by Harold Senter. In *Coulter* v. *Howard,* 203 Cal. 17 [262 P. 751], Mrs. Howard's son had given the broker a written agreement of employment; thereafter she executed escrow instructions calling for the payment of a commission to the broker out of funds due her at the close of the escrow. This was held to constitute a sufficient note or memorandum of employment under section 1624(5), Civil Code, and section 1973(5), Code of Civil Procedure. The decision in *Coulter* v. *Howard* was followed in *Fritz* v. *Frost,* 114 Cal.App. 602 [300 P. 454]. The law on this point is thus settled to the contrary of respondents' contention.

■ We are of the opinion that the first cause of action stated sufficient facts to justify a recovery against defendants Sirkus and Senter.

The second cause of action is against defendants Olson and states sufficient facts for recovery of a commission from them. It does not purport to charge the other defendants with liability. It is necessary, however, to discuss the question of the Olsons' liability, although they are not interested parties on the appeal. The third cause of action is an attempt to impose liability upon defendants Sirkus and Senter to pay any commission for which the Olsons might be obligated. It repeats by reference the principal allegations of the first cause of action, including those which set out the writings signed by the Olsons. We must therefore refer to these documents, the first of which was the agreement upon their part to accept the Glenrock Avenue property in exchange for their own.

■ As previously stated, the provision for payment of a commission is underneath the signatures of the Olsons upon the first writing signed by them, which might imply that it was not a part of their agreement, but it was alleged also that they orally agreed to pay a commission at the time they signed the writing. This brings the case as to them within the rule of the Coulter and Fritz cases.

In addition, the following sentence is found in the writing above the signatures of the Olsons and of plaintiffs: "Where an exchange is involved, the undersigned Broker is authorized to act as agent for all parties hereto and may accept a commission therefrom." The writing also was a receipt for $10 "deposited with Devereux & Company, as broker" as an initial payment on the purchase of the Sirkus and Senter property. There are many other references in the writing to the duties of the broker. It cannot reasonably be construed

as anything short of an employment of the brokers to effect an exchange of properties, even if the express promise and the stated amount of the commission be disregarded. ▪ If there is a valid employment of a broker to buy or sell real property, and the service is performed, the broker is entitled to compensation even in the absence of an express agreement for payment of a commission or agreement as to the amount. This has been the settled rule ever since *Toomy* v. *Dunphy*, 86 Cal. 639 [25 P. 130].

The third cause of action is a repetition of the first cause of action with certain additional averments. Liability is predicated upon an alleged assumption of the Olsons' liability by the other defendants. It alleges that the Olsons were ready, able and willing to complete the exchange but the defendants Sirkus and Senter "defaulted in the same" and induced the Olsons "to cancel and close the said escrow and to refrain from completing the balance of the exchange agreement," but that the Olsons exacted of defendants Sirkus and Senter as a condition of withdrawing from the agreement that they be indemnified against loss by an agreement approved and accepted by Sirkus and Senter, and that there was placed into escrow, for and on behalf of defendants Olson, a writing reading as follows: "December 7, 1949 'The Olsons are and have always been ready, able and willing to complete this escrow. However, they are now willing to have it cancelled providing they incur no expense - - - If the Senters and Sirkuses assume all escrow and title costs, charges and expenses, and pay the Olsons a modest attorney's fee, you may arrange to close the matter.' " It was then alleged that said instructions on behalf of the Olsons were complied with by defendants Sirkus and Senter and that the escrow was thereupon closed pursuant to said agreement. ▪ Plaintiffs contend this was an agreement to pay a commission that was due from the Olsons. Defendants say the writing related only to charges and expenses in the escrow itself. This is certainly a reasonable interpretation of the writing, and in the absence of any allegations of mistake in drafting it, the term "all escrow and title costs charges and expenses" may not be so interpreted as to relate also to a broker's commission.

The third cause of action calls for further discussion of questions that will arise upon a trial. It sets forth by reference the terms of the escrow agreement and it also alleges the cancellation of the escrow and abandonment of the exchange. Defendants contend that cancellation of the escrow

relieved them of all liability, since no commission was to be paid unless the exchange should be consummated. Although cancellation was not alleged in the first cause of action, it will no doubt appear in the evidence. We should therefore consider its significance. It is true that in the escrow instructions both commissions were made payable to plaintiffs at the close of the escrow, and that the commission was to be paid by the Olsons also upon the recording of a deed to them. ■ If there had been no previous employment, commissions would not have become payable in the event of failure of the parties to complete the exchange. *(Jennings v. Jordan,* 31 Cal.App. 335 [160 P. 576].) ■ Upon the other hand, if, as plaintiffs allege, they had been validly employed by both parties to effect an exchange of properties and had fully performed their services, it was not necessary that the escrow should have been closed in any fashion in order that commissions be earned. They would already have been earned. *(Jauman v. McCusick,* 166 Cal. 517 [137 P. 254].) Nothing less than an express agreement in the subsequent writings (the escrow instructions) that no commissions would be paid unless the exchange should be consummated could have deprived plaintiffs of their right which had already accrued. Defendants Sirkus and Senter, by abandoning the transaction, could not escape their liability to pay a commission. *(Fritz v. Frost, supra,* 114 Cal.App. 602.)

Sufficient facts having been alleged in the first cause of action to entitle plaintiffs to go to trial, it was error to sustain demurrers to that cause of action. They were properly sustained as to the second and third causes of action.

The judgment is reversed for further proceedings in accordance with the foregoing views.

Wood (Parker), J., and Vallée, J., concurred.