[Civ. No. 20147. Second Dist., Div. Two. June 16, 1954.]

E. V. EDENS, Appellant, v. THEODORA V. STODDARD, Respondent.

Victor Bewley and George R. Coan for Appellant.

Breed, Robinson & Stewart as Amici Curiae on behalf of Appellant.

A. G. Van Deventer for Respondent.

MOORE, P. J.—Appellant sued for a broker's commission alleging his oral employment February 3, 1952, by respondent to negotiate for the sale of the latter's hotel and hotel business to one Mrs. Bidwell for a 5 per cent commission. He alleges a confirmation thereof by a writing, his repeated negotiation with Mrs. Bidwell to induce the purchase, and, during the period of his alleged contract, the execution of a contract of sale by respondent to the same Mrs. Bidwell for $96,000. He demands judgment for $4,800. Respondent filed her general denial and set forth three affirmative defenses, to wit: (1) the complaint does not state facts sufficient to constitute a cause of action; (2) the alleged agreements are invalid in that they are not in writing subscribed by respondent as required (Civ. Code, § 1624, subd. 5, and Code Civ. Proc., § 1973), and (3) the transaction concerning the hotel between respondent and Mrs. Bidwell was exclusively the result of negotiations between the principals and their attorneys between December 1951 and the time of the sale.

Immediately upon the calling of the first witness for appellant, respondent objected to the introduction of any evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action for a broker's commission. The objection was sustained and a judgment of dismissal with prejudice was entered from which comes this appeal.

The only writing executed by respondent is a "Business Opportunity Listing"* set out on the margin hereof. It was marked Exhibit A and will be so referred to herein. Not a word of it can be interpreted as an employment of appellant. After including the location of the hotel, its price at $125,000 and statistical information with reference to it, Exhibit A expressly gives to appellant and associate the

*"BUSINESS OPPORTUNITY LISTING

Type of Business  Hotel known as La Solana Inn
Location  450 So. Grand, Pasadena, Calif.

| Location | Expense $ Approx. mo. | Rent $ |
|---|---|---|
| Phone | Lic. & Taxes  80.00 | Lease |
| Fixtures | Pay Roll $490.00 | Price $125,000 ? |
| | Water $20.00 | Terms Less if no trade |
| | Gas $75.00 | Cash Req $ Any amt. |
| | Lt. $75.00 | Stock over $40,000 |
| Income $ | Laundry $70.00 | $810.00 |

Potential inc. 3,800.00 per mo. exclusive of inc. of Dining Room—(European plan.)

Trust deed of 35,000.00 payable $280.00 per mo.

Summer inc. not too good, must be worked up with publicity for perm. guests.

Date 15 February 1952

In consideration of services to be rendered, I hereby give to E. V. Edens, with L. V. Lindsey & Assoc.
16 N. Mentor Ave., Pasadena, Calif.

the_____Open_____right to sell my property as listed above, for
State if exclusive
the___120___day period from 15 February 1952 to _____
19_____, and within reasonable days thereafter to parties with whom said Broker, negotiated during said period, provided said Broker notifies me in writing of said negotiation.

If a sale or exchange is effected_____during their agency for the above described property, I agree to pay them 5%_____per cent of the selling price, as commission for their services, and to furnish satisfactory title to said property.

Owner acknowledges receipt of a copy of this listing.

Owner_____

THEODORA V. STODDARD

Address_____

Telephone_____          A. A. Schramm Form No. 107

EXHIBIT 'A' "

"open right to sell my property as listed above for the 120 day period from 15 February 1952. . . . If a sale or exchange is effected during their agency for the above described property, I agree to pay 5% per cent of the selling price as commission. . . ."

Had it been respondent's purpose to employ appellant, it could have been done with the stroke of a pen. The statute of frauds (Civ. Code, § 1624, subd. 5) makes void any oral agreement to employ an agent or broker to purchase or sell real estate for compensation. Moreover, when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all the terms and no evidence thereof other than the writing itself shall be admissible except where a mistake in the writing or its invalidity is in dispute. (Code Civ. Proc., § 1856.)

Since there is no "employment" by Exhibit A and it did not give appellant an exclusive right to make the sale during the 120 days, there is no basis for appellant's contention that he was "employed" except the printed matter on the reverse side of Exhibit A. ■ Not only was he not employed but the "Listing" was such as to indicate that respondent reserved the right to herself to sell her property or to allow anyone else the privilege. (*Nelson* v. *Mayer*, 122 Cal.App.2d 438, 445 [265 P.2d 52].) In that state of the contract, there was no inhibition against respondent's making the sale; no claim resulted to appellant to collect a commission for his attempts to close a sale to Mrs. Bidwell. With a potential purchaser designated to him by respondent, it devolved upon him as a broker anticipating the receipt of a commission to effect a sale to such prospect by either collecting the price agreeable to respondent or receiving an executed offer for the purchase of the property on terms satisfactory to respondent. He did neither. Having failed to achieve his desire, he cannot collect on the success of respondent in selling directly to Mrs. Bidwell. Had he intended to collect on respondent's success, he might have demanded an exclusive listing before commencing negotiations for the sale.

■ Having found himself without a written contract for a commission for making a sale of the hotel and hotel business, he besought the trial court to allow an amendment to his complaint "by showing that this written listing that I put in as exhibit *A* contained on it the following language, on the reverse side, and through inadvertence it was not typed on there also. 'I, Mrs. T. V. Stoddard also hereby give to

the broker named herein an exclusive right of sale to my tenant at present in the La Solana Inn, Mrs. Bidwell, as per the listing agreement on the reverse side. This agreement shall be considered as included on the reverse side hereof' . . .'' While such writing was crossed out, appellant asserted his claim for the allowance of the amendment in order that he might introduce in evidence an ''oral conversation to the effect that if a sale is made involving Mrs. Bidwell they will get their five per cent.'' The court correctly denied leave to amend the complaint. On the very paper that contained the ''listing,'' were printed words which, if signed by the seller, would have given appellant the exclusive right to a commission in the event of sale. But it had been consciously stricken by respondent before she delivered exhibit A to appellant. In other words, appellant contends that while such printed words were stricken, still he would offer to prove by a conversation that respondent intended to prove an agreement for the exclusive listing. ■ Such contention is contrary to the code provisions, *supra,* requiring a broker's employment to be in writing. While parol evidence is admissible where a writing is ambiguous or uncertain (*Love* v. *Gulyas,* 87 Cal.App.2d 608, 614 [197 P.2d 405]), in order to ascertain the true meaning, it is not admissible where there is neither uncertainty nor ambiguity in a commission contract. (*Denbo* v. *Weston Investment Co.,* 112 Cal.App.2d 153, 157 [245 P.2d 650].) Appellant's insistence that he had an ''exclusive as to Bidwell'' is contrary to the facts. All he had was an open listing, i.e., the privilege of inducing Mrs. Bidwell to buy at $125,000. **[5]** ''A writing from the owner to a broker which merely states that the former will sell certain property on certain conditions is insufficient because it does not show employment.'' (*Hooper* v. *Mayfield,* 114 Cal.App.2d 802, 807 [251 P.2d 330] ; *Blanchard* v. *Pauley,* 92 Cal.App. 2d 244, 247 [206 P.2d 864].) ■ A listing is nothing more than an offer to use the broker's services. It is of no value unless it conforms with the statute. (*Hooper* v. *Mayfield, supra,* p. 809.)

Judgment affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied July 1, 1954, and appellant's petition for a hearing by the Supreme Court was denied August 10, 1954. Carter, J., was of the opinion that the petition should be granted.