[Civ. No. 30028. Second Dist., Div. One. Aug. 18, 1966.]

PATRICK J. BILLINGS, Plaintiff and Appellant, v. REX-FORD PARK APARTMENTS, Defendant and Respondent.

Royal M. Galvin for Plaintiff and Appellant.

Robert G. Leff for Defendant and Respondent.

LILLIE, J.—Plaintiff, a licensed real estate broker, sued to recover commissions from two parties, Theodore T. Brown and Rexford Park Apartments. Rexford's demurrer to first amended complaint was sustained without leave to amend Plaintiff appeals from order of dismissal entered under section 581 subdivision 3, Code of Civil Procedure. Brown is not a party to this appeal.

Defendant Brown, who owned two houses and a ten-unit apartment building, on July 8, 1963, entered into a written exclusive listing agreement with plaintiff wherein he agreed to pay him a broker's commission of five percent. In August 1963, plaintiff brought Brown and Rexford, owner of a large apartment building, together; Brown and Rexford entered into an exchange agreement and, accordingly, on August 22, 1963, executed written escrow instructions whereby Brown was to accept $206,000 for his equity in the properties and Rexford was to accept Brown's properties and credit the $206,000 as payment by Brown on the purchase price of Rexford's apartment building, Brown to assume the outstanding encumbrances thereon. On December 7, 1963, Brown served on Rexford a notice of rescission. The exchange agreement was never consummated and the escrows were never closed.

Plaintiff sued Brown for $10,000 and Rexford for $15,000 in his original complaint. In his first cause of action, against Brown, he alleged the exclusive listing agreement (Exh. A); that acting for Brown he negotiated an exchange agreement between him and Rexford, and escrow instructions were executed by Brown and Rexford on August 22, 1963, the escrow to close January 21, 1964; that in the escrow instructions Brown agreed to pay him a $10,000 commission by

promissory note secured by a deed of trust on the property Brown was purchasing from Rexford; and that on December 5, 1964, Brown rescinded the exchange agreement, Rexford was ready, willing and able to perform, and Brown's "purported rescission" was without cause or justification [Par. X]. The second cause of action, based on the same allegations, sought declaratory relief against Brown. In his third cause of action, against Rexford, plaintiff alleged the execution by Brown and Rexford of written escrow instructions on August 22, 1963, wherein Rexford agreed to "Pay to the following licensed real estate broker [plaintiff] as a commission for services rendered, the sum of $15,000.00 which amount you [escrow agent] are authorized and instructed to deduct from funds due me under the above numbered escrow [1-1136], and to credit to cash on purchase No. 1-1137"; and, by reference to Paragraph X, first cause of action, that Brown rescinded the August 22, 1963, agreement, Rexford was ready, willing and able to perform and Brown's "purported rescission . . . was without cause or justification."

On its demurrer, Rexford argued to the trial court that the only agreement plaintiff alleged it made to pay him a broker's commission was by way of a provision contained in written escrow instructions between it and Brown to which plaintiff was not a party, thus plaintiff's right to recovery against it was dependent on the performance of the exchange agreement and the close of the escrow and plaintiff alleged that through Brown's fault the agreement was never consummated and the escrow never closed, citing *Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300 [266 P.2d 856], and *Ira Garson Realty Co.* v. *Brown,* 180 Cal.App.2d 615 [4 Cal.Rptr. 734]. The demurrer was sustained.

In his first amended complaint plaintiff only slightly revised the first cause of action, against Brown, although suing him for an additional $15,000. In connection therewith he alleged that in written escrow instructions [No. 1-1136], entered into by Brown and Rexford on August 22, 1963, Rexford agreed to "Pay the [plaintiff] as a commission for services rendered, the sum of $15,000.00 which amount you [escrow agent] are authorized and instructed to deduct from funds due me [Rexford] under the above escrow [1-1136], and to credit to cash on purchase No. 1-1137 (another escrow)" [Par. X]; that Brown rescinded the agreement without cause or justification and at all times Rexford was ready, willing and able to perform [Par. XI]; and that by reason of

Brown's failure to consummate the exchange and close the escrow, plaintiff lost his right to recover $15,000 commission from Rexford [Par. XIII].

In an obvious effort to avoid the operation of the rule of *Ira Garson Realty Co., supra,* and *Lawrence Block Co., supra,* plaintiff simply eliminated from his third cause of action, against Rexford, the offending allegations of the original complaint. Thus, he omitted the allegation that Brown's rescission was without cause or justification and Rexford was at all times ready, willing and able to perform, and, in lieu thereof, pleaded Brown's notice of rescission (Exh. B) alleging that it was based upon "misrepresentations" made to Brown by Rexford's agents, that he (plaintiff) made no false representations to Brown and that *"if* false representations were in fact made to Brown" they were made by others without his knowledge and consent (italics added) [Par. V]. Plaintiff completely omitted the allegation in the original complaint that his recovery against Rexford was based on the provision contained in the escrow instructions executed by Brown and Rexford; in lieu thereof, plaintiff alleged that he was entitled to a commission of $15,000 "as provided in the agreement between *plaintiff* and defendant *Rexford* Park Apartments, a limited partnership dated August 22, 1963" (italics added) [Par. V], and on information and belief, that the failure of the parties to consummate the exchange and close the escrow was caused by the "misrepresentation of Rexford's agents." [Par. V.]

To eliminate certain facts in order to avoid the previous allegations contained in the original pleading against Rexford which were destructive to any cause of action against it justifying a dismissal (that the agreement to pay plaintiff a commission was contained in a provision in the escrow instructions and was clearly dependent upon consummation of the exchange agreement and the close of the escrow, neither of which occurred for which Brown was responsible), plaintiff, in his amended third cause of action, simply omitted them without explanation. "It is undoubtedly a general rule of law that an amended pleading takes the place of the original, and that thereafter the superseded complaint performs no function as a pleading. [Citations.] But to this general rule there is an equally well settled exception. This exception is to the effect that if in the prior verified complaint there are allegations destructive of the cause of action, the defect cannot be remedied by simply omitting, in subsequently filed pleadings, without proper explanation, such allegations." (*Owens*

v. *Traverso,* 125 Cal.App.2d 803, 808 [271 P.2d 164]; *Wenner-holm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].)

In the only cause of action alleged against Rexford (third cause of action), plaintiff's recovery is predicated specifically on the ''agreement between *plaintiff* and defendant *Rexford*'' dated August 22, 1963 [Par. V, VI]. While the pleader would have us believe that this constitutes a written agreement for payment of a commission entered into by him and Rexford independent of the escrow instructions, such agreement is set out in neither the body of the pleading nor in any exhibit attached thereto, nor therein is there allegation of any of the terms of such agreement or that the same is in writing. Inescapable is the conclusion that no such independent written agreement between plaintiff and Rexford, whereby the latter agreed to unconditionally pay him a commission, exists and that the only ''agreement'' to which such allegation could possibly refer is the provision contained in the escrow instructions executed by Brown and Rexford to which plaintiff was not a party—pleaded in Paragraph X of the first cause of action, against Brown, and without explanation omitted from the third cause of action, against Rexford. ▮ If it is not the same, to satisfy the statute of frauds, the brokerage commission agreement must be contained in a writing subscribed by the party to be charged. (Civ. Code, § 1624, subd. 5; *Myres* v. *Surryhne,* 67 Cal. 657, 658 [8 P. 523]; *Augustine* v. *Trucco,* 124 Cal.App.2d 229, 241-242 [268 P.2d 780]; *Edens* v. *Stoddard,* 126 Cal.App.2d 56, 60 [271 P.2d 610].)

However, in appellant's opening and reply briefs he casts aside any implication that an independent written agreement between him and Rexford exists and relies upon the provision contained in the escrow instructions between Rexford and Brown to which he was not a party, alleged in Paragraph X, first cause of action, against Brown, for he argues—''the failure of the plaintiff to repeat and reallege *in toto* paragraph X of the first cause of action was not fatal to the third cause of action. Plaintiff . . . refers to the agreement as set forth in paragraph X of the first cause of action as the agreement between the plaintiff and defendant Rexford. . . .'' (A.O.B. pp. 8-9.) This is the identical ''agreement'' relied upon by plaintiff in his original complaint upon which the trial court held plaintiff had no recovery. The agreement as alleged in Paragraph X, first cause of action, against Brown, *first,* is

not one between plaintiff and Rexford but a provision contained in escrow instructions executed by Brown and Rexford to which plaintiff was not a party, and *second,* provided that Rexford shall pay a $15,000 commission, out of certain funds due it [Rexford] under escrow No. 1-1136 which are to be deposited therein by Brown, not to plaintiff directly, but to credit to cash in another escrow, No. 1-1137. Thus, by these express terms, the payment of any commission by Rexford to plaintiff is conditioned upon (1) the consummation of the exchange transaction which would establish the funds out of which the commission is to be paid and (2) the close of two escrows (Nos. 1-1136 and 1-1137). Plaintiff not only fails to plead performance of the conditions expressly set up in the provision contained in the escrow instructions, but has affirmatively alleged that the exchange transaction was never consummated and the escrows were never closed.

In the absence of a written agreement for employment and payment of a commission, or a listing, or a third party agreement by way of deposit receipt between buyer, seller and broker, where, as here, the broker relies solely upon a provision in the written escrow instructions between his principal and the buyer, the broker cannot recover his commission if the agreement between the buyer he procured and the seller was not performed. (*Ira Garson Realty Co.* v. *Brown,* 180 Cal.App. 2d 615, 623 [4 Cal.Rptr. 734] ; *Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 306 [266 P.2d 856].) ''Where the only agreement to pay a broker a commission is contained in the contract between his principal and the customer, the broker's right to compensation is dependent upon performance of that contract. If the customer refuses to perform, or if the contract is canceled or rescinded, the broker cannot recover. In such cases the broker, not having the protection of the ordinary broker's contract for compensation for service to be performed, must stand or fall on the contract actually entered into; and if he has seen fit to allow payment of his compensation to be dependent upon the performance of a contract made between parties other than himself, he cannot complain if, through the non-performance of that contract, his own contingent rights be lost. (*Jennings* v. *Jordan,* 31 Cal.App. 335 [160 P. 576] ; *Devereux* v. *Sirkus,* 105 Cal.App.2d 340 [233 P.2d 644] ; *Dowds* v. *Armstrong,* 17 Cal.App.2d 485 [62 P.2d 411, 63 P.2d 1114] ; *K. Lundeen Corp.* v. *Barlow,* 120 Cal.App. 391 [7 P.2d 1102] ; *Houghton* v. *Kuehnrich,* 46 Cal.App. 469 [189 P. 457] ; see *Stewart* v. *Bowie,* 43 Cal.App. 751, 754 [185 P. 868] ; *Brion* v. *Cahill,* 34 Cal.App. 258 [165 P. 704]. *Cf. Rose*

v. *Gardner,* 130 Cal.App. 302 [19 P.2d 1008].)'' (*Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 306-307 [266 P.2d 856].) In *Ira Garson Realty Co.* v. *Brown,* 180 Cal.App.2d 615 [4 Cal.Rptr. 734], the court said at page 625, after citing *Lawrence Block Co.* v. *Palston, supra:* ''From a reading of *Irwin* v. *Klimper,* 56 Cal.App. 434 [205 P. 714]; *Jennings* v. *Jordan,* 31 Cal.App. 335 [160 P. 576]; *Brion* v. *Cahill,* 34 Cal.App. 258 [165 P. 704]; *Devereux* v. *Sirkus,* 105 Cal.App. 2d 340 [233 P.2d 644]; *K. Lundeen Corp.* v. *Barlow,* 120 Cal.App. 391 [7 P.2d 1102]; *Houghton* v. *Kuehnrich,* 46 Cal.App. 469 [189 P. 457]; and *Dowds* v. *Armstrong,* 17 Cal. App.2d 485 [62 P.2d 411, 63 P.2d 1114], it is apparent that our courts have taken the position that if a broker fails to protect himself with a written employment contract of his own for the payment of a commission, and relies on an oral promise and an agreement between third parties to which he is not a party, he must stand or fall on that agreement and if the sale is not consummated the commission does not become due. He cannot complain if through the nonperformance of the agreement his own contingent rights be lost. (*Lawrence Block Co.* v. *Palston, supra,* 306-307; *Mitchell* v. *Johnston,* 140 Cal.App.2d Supp. 982 [298 P.2d 170]; *Sanstrum* v. *Gonser,* 140 Cal. App.2d 732 [295 P.2d 532].) This appears to be the equitable solution where the broker initially failed to protect himself with a contract of his own and the seller received no benefit from the broker's services, which for the greater part were voluntarily rendered (*Jennings* v. *Jordan,* 31 Cal.App. 335 [160 P. 576]). 'Unless and until the exchange was consummated, the parties would receive no benefit from Eppinger's efforts, and, as we have seen, there is no obligation existing to pay Eppinger anything except that arising from the written agreement under consideration. The provision relating to such payment is not separable from the remainder of the contract . . .' Holding that when the contract was rescinded the provision for payment of the compensation also fell, the court said: ' (I) f the broker should suffer any hardship from such construction, it is one inherent in the form of the contract entered into, and which was the only means he chose for his protection.' (P. 338.) ''

In an effort to avoid the operation of the above rule, plaintiff sought to show in his cause of action against Rexford that Rexford was responsible for the nonfulfillment of the conditions. He first pleaded in his cause of action against Brown that nonperformance was the fault of Brown, that Brown's

''purported rescission'' was without cause or justification and Rexford at all times was ready, willing and able to perform; but in his cause of action against Rexford, plaintiff alleged that Brown's notice of rescission was based upon misrepresentations made by Rexford's agents, ''*if*'' the same were in fact made he (plaintiff) was not responsible, and he is informed and believes that the failure to consummate the exchange was caused by Rexford's misrepresentations. Thus, on the unproved accusation of the buyer, the truth of which plaintiff is admittedly uncertain, and his notice of rescission plaintiff seeks to bring his case within the rule permitting recovery by the broker on a brokerage agreement with the vendor where the vendor has refused to proceed with the sale transaction, citing *Green* v. *Linn,* 210 Cal.App.2d 762 [26 Cal.Rptr. 889]; *Diamond* v. *Huenergardt,* 175 Cal.App.2d 214 [346 P.2d 37]; *Lathrop* v. *Gauger,* 127 Cal.App.2d 754 [274 P.2d 730]; and *Wesley N. Taylor Co.* v. *Russell,* 194 Cal.App.2d 816 [15 Cal.Rptr. 357]. The rule of these cases does not here control. In each authority cited plaintiff broker sued on a listing or written brokerage agreement for employment and payment of a commission with the vendor, and defendant vendor refused to proceed with the transaction with the purchaser procured by the broker. In each case the court held that plaintiff broker, under his brokerage agreement with the vendor, was entitled to recover from him if the transaction failed through the vendor's fault. ■ Such situation is not the instant case for here plaintiff has not alleged against Rexford a listing or a brokerage agreement (employment and commission) of any kind between him and Rexford, or even a third party agreement by way of a deposit receipt between him, Brown and Rexford; he relies solely upon the provision in the written escrow instructions entered into between Brown and Rexford to which he was not a party. In any event, there is no allegation in the first amended complaint that Rexford at any time refused to proceed with the exchange transaction or to close the escrows, or that there was a rescission of the exchange agreement by mutual consent, or that Rexford did any act to frustrate consummation of the agreement or the close of the escrows, or that Brown's claim for rescission was a valid one—that the representations were made to him by Rexford's agents and were, in fact, false (plaintiff's uncertainty in this regard is reflected in his allegation that ''*if*'' any misrepresentations were made he did not make them, and in his concession in the reply brief that ''the amended complaint added only the allegation setting forth what defendant

Brown claimed. . . .'' (P. 5.) Absent too is any allegation that the failure to consummate the transaction was due solely to Rexford's conduct, or that except for Rexford's failure to act in good faith the conditions would have been fulfilled.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.